# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RANDAL STRAUSS, and<br>DIANE STRAUSS,<br><br>        Plaintiffs,<br>v.<br><br>CHUBB INDEMNITY INSURANCE<br>COMPANY, VIGILANT INSURANCE<br>COMPANY, FEDERAL INSURANCE<br>COMPANY, and GREAT NORTHERN<br>INSURANCE COMPANY,<br><br>        Defendants. | Case No. 11-CV-981-JPS<br><br><br><br>**ORDER** |

  On August 13, 2012, plaintiffs filed an expedited motion for protective order (Docket #38) pursuant to Civil L. R. 7(h) and Fed. R. Civ. P. 26(c) asking the Court to direct the parties, in anticipation of the parties' scheduled mediation on September 5, 2012, to agree to a schedule that would resolve the balance of their outstanding discovery requests.

  District courts "enjoy broad discretion in settling discovery disputes and in delimiting the scope of discovery in a given case." *Corley v. Rosewood Care Center, Inc. of Peoria*, 142 F.3d 1041, 1052 (7th Cir. 1998).

  At this juncture in this litigation, the Court believes that the parties have had ample opportunities to discover operative facts in preparation for their mediation in early September 2012, and will stay the balance of discovery pending the outcome of that mediation.

  This stay in the balance of discovery will serve two functions. First, the stay will allow breathing room for the parties to step back, put their

present squabbling in context and focus on what is necessary to prepare for a productive and meaningful mediation session in early September. Second, the stay will provide pause for the parties' counsel to reach accord, in a spirit of comity and on an informal basis, on any outstanding discovery requests that they deem vital to a productive and meaningful mediation.

Accordingly,

**IT IS ORDERED** that plaintiff's "Expedited Motion for Protective Order" (Docket #38) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the balance of discovery in this case be and the same is hereby stayed pending the outcome of the parties' upcoming mediation; provided that, nothing in this stay limits the parties from reaching accord, in a spirit of comity and on an informal basis, as to any outstanding discovery requests that the parties deem vital to a productive and meaningful mediation.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge