UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RANDAL STRAUSS and
DIANE STRAUSS,

        Plaintiffs,

        v.

CHUBB INDEMNITY INSURANCE
COMPANY, VIGILANT INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, and GREAT NORTHERN
INSURANCE COMPANY

        Defendants.

Case No. 11-CV-00981

RANDAL STRAUSS and
DIANE STRAUSS,

        Plaintiffs,

        v.

CHARTIS PROPERTY CASUALTY
COMPANY,

        Defendant.

## STIPULATION AND ORDER

### STIPULATION

By and through their respective undersigned counsel, Plaintiffs Randal Strauss and Diane Strauss (collectively, the "Strausses"), and Defendants Chubb Indemnity Insurance Company, Vigilant Insurance Company, Federal Insurance

Company, and Great Northern Insurance Company (collectively, the "Chubb Defendants"), hereby stipulate and agree to be bound as follows:

1. The Strausses own the property located at 315 East Eastwyn Bay Drive, Mequon, Wisconsin 53092 (the "Property").

2. The Strausses purchased insurance coverage from the Chubb Defendants to insure the Property. The specific Chubb Defendant company, policy number, and policy period are as follows:

   a. Vigilant Insurance Company policy number 10841920-01, issued to Randal P. Strauss, effective October 1, 1994 to October 1, 1995, and renewed annually until October 1, 2000.

   b. Federal Insurance Company policy number 10841920-01, issued to Randal P. Strauss, effective October 1, 2000 to October 1, 2001, and renewed until October 1, 2002.

   c. Vigilant Insurance Company policy number 10841920-04, issued to Randal P. Strauss, effective October 1, 2002 to October 1, 2003.

   d. Great Northern Insurance Company policy number 10841920-04, issued to Randal P. Strauss, effective October 1, 2003 to October 1, 2004.

   e. Chubb Indemnity Insurance Company policy number 10841920-06, issued to Randal P. Strauss, effective October 1, 2004 to October 1, 2005.

3.      Randal Strauss and Diane Strauss are husband and wife and are both considered to be insureds under the Chubb Defendants' policies listed above in paragraph 2 (the "Policies").

4.      The Property began to sustain damage around the time of original construction due to rain water infiltration, and the Property continued to sustain additional damage with subsequent rain events and rain water infiltration.

5.      The damage to the Property was latent damage generally located within the Property's building envelope.

6.      The Strausses discovered the damage to the Property in October 2010 and reported an insurance claim to the Chubb Defendants.

7.      The Chubb Defendants denied coverage, and the Strausses initiated this lawsuit.

8.      The Strausses initiated this lawsuit within one year of date that they discovered the damage to the Property.

9.      The Strausses did not initiate this lawsuit within one year of the date the physical damage to the Property began.

10.     The Court's Order, dated February 13, 2013 (Doc. No. 217), in accordance with the Court's prior Order, dated January 2, 2013 (Doc. No. 147), denied the Chubb Defendants' motions for summary judgment and generally held that the long-term, ongoing loss at the Property occurred, for purposes of the Chubb Defendants' policies at issue in this case, continuously from the time of exposure to the time of manifestation.

11. Pursuant to the Court's determination of liability on the part of the Chubb Defendants, the full amount owed by the Chubb Defendants for the covered loss at the Strauss Property, under all of the Chubb Defendants' policies in effect between October 1, 1994 and October 1, 2005, is Seven Hundred Thirty-Three Thousand Five Hundred and 00/100 Dollars ($733,500.00).

12. The parties agree that the proposed form of judgment attached hereto as Exhibit A-1 may be entered against the Chubb Defendants as the Court's final judgment in this matter, without any further hearing.

13. The Strausses agree to voluntarily dismiss their claims against the Chubb Defendants for bad faith and statutory interest with prejudice and without costs to any party.

14. The Strausses and the Chubb Defendants are preserving their rights to appeal and do not waive their rights to appeal or to participate in any appeal of the Court's rulings or orders addressing trigger of coverage, the suit limitations clause contained in the Chubb Defendants' policies, or the statute of limitations, as it pertains to the Chubb Defendants' policies and as set forth in the Court's Order dated February 13, 2013 (Doc. No. 217), the Court's Order dated January 2, 2013 (Doc. No. 147), the judgment, and any other orders by the Court addressing trigger of coverage, the suit limitations clause contained in the Chubb Defendants' policies, or the statute of limitations. Any appeal and rights to appeal are and shall be limited to the issues of trigger of coverage, the suit limitations clause contained in the Chubb Defendants' policies, and the statute of limitations.

IT IS SO STIPULATED AND AGREED.


Dated: June 28, 2013            .        HALLOIN & MURDOCK, S.C.
                                         Attorneys for Plaintiffs Randal Strauss and
                                         Diane Strauss


                                         s/ Scott R. Halloin
                                         Scott R. Halloin (SBN 1024669)
                                         Andrea L. Murdock (SBN 1051899)
                                         Anthony K. Murdock (SBN 1054531)

HALLOIN & MURDOCK, S.C.
839 North Jefferson Street
Suite 503
Milwaukee, Wisconsin 53202
p 414-732-2424
f  414-732-2422
shalloin@halloinmurdock.com
andrea.murdock@halloinmurdock.com
amurdock@halloinmurdock.com


Dated: June 28, 2013            .        TRESSLER, LLP
                                         Attorneys for Defendants Chubb Indemnity Insurance Company, Vigilant Insurance Company, Federal Insurance Company, and Great Northern Insurance Company


                                         s/ Todd S. Schenk
                                         Todd S. Schenk
                                         Ann E. O'Connor

TRESSLER, LLP
233 South Wacker Drive
22nd Floor
p 312-627-4000
f  312-627-1717
tschenk@tresslerllp.com
aoconnor@tresslerllp.com

## **ORDER**

Based upon the foregoing stipulation of the parties, and good cause being shown, IT IS SO ORDERED. The Clerk of the Court is directed to enter the proposed form of judgment attached hereto as Exhibit A-1 as the Court's final judgment in this matter.

BY THE COURT:

Dated: _____, 2013.    _____
                                                    Aaron E. Goodstein
                                                    U.S. Magistrate Judge

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

RANDAL STRAUSS and
DIANE STRAUSS,

      Plaintiffs,

    v.

CHUBB INDEMNITY INSURANCE
COMPANY, VIGILANT INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, and GREAT NORTHERN
INSURANCE COMPANY

      Defendants.

Case No. 11-CV-00981

RANDAL STRAUSS and
DIANE STRAUSS,

      Plaintiffs,

    v.

CHARTIS PROPERTY CASUALTY
COMPANY,

      Defendant.

## JUDGMENT

Pursuant to the Parties' stipulation, proposed order, and proposed form of judgment (filed June 28, 2013); the Court's Order dated February 13, 2013 (Doc. No. 217) denying the motions for summary judgment filed by Chubb Indemnity Insurance Company, Vigilant Insurance Company, Federal Insurance Company,

and Great Northern Insurance Company; and the Court's Order dated January 2, 2013 (Doc. No. 147) denying the motions for summary judgment filed by Chubb Indemnity Insurance Company, Vigilant Insurance Company, Federal Insurance Company, and Great Northern Insurance Company,

**IT IS HEREBY ADJUDGED AND ORDERED**:

1. Judgment is entered on Plaintiffs Randal Strauss' and Diane Strauss' declaratory judgment claims against Chubb Indemnity Insurance Company, Vigilant Insurance Company, Federal Insurance Company, and Great Northern Insurance Company, jointly and severally, in the amount of Seven Hundred Thirty-Three Thousand Five Hundred and 00/100 Dollars ($733,500.00);

2. Plaintiffs Randal Strauss' and Diane Strauss' claims against the Chubb Defendants for "bad faith" and statutory interest are dismissed with prejudice;

3. No costs are awarded to any party; and

4. This judgment constitutes a final judgment that fully and finally resolves all issues in this case before this Court between the Strausses and Chubb Indemnity Insurance Company, Vigilant Insurance Company, Federal Insurance Company, and Great Northern Insurance Company

**THIS JUDGMENT IS FINAL FOR PURPOSES OF APPEAL.**

BY THE COURT:

Dated: _____, 2013.   _____
Aaron E. Goodstein
U.S. Magistrate Judge